Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000401
31-JUL-2014
08:09 AM

NO. CAAP-13-0000401


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SCOTT A. ABREGANO, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 12-1-1963)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Scott A. Abregano (Abregano) appeals from the Judgment of Conviction and Sentence for violating an order of protection in violation of Hawaii Revised Statutes (HRS) § 586-11 (2006 and Supp. 2013) entered by the Family Court of the First Circuit (Family Court)[1] on March 13, 2013.

On appeal, Abregano argues that the Family Court: (1) erred in denying his motion to dismiss for violation of his right to a speedy trial under Hawai'i Rules of Penal Procedure (HRPP) Rule 48;[2] (2) violated his constitutional rights when it exhibited bias by *sua sponte* interjecting itself into the State of Hawai'i's examination of its witness; and (3) erred in denying

---

[1] The Honorable Dean E. Ochiai presided.

[2] Although Abregano entitles his argument as a violation of HRPP Rule 48 "and Speedy Trial[,]" he includes no argument nor citation to authority supporting a constitutional violation. We therefore deem any claim of error based on either the Hawai'i or United States constitutions waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

him the opportunity to call a juror as a witness in support of his motion for a new trial.

After a careful review of the issues raised and the arguments made by the parties, the record, and applicable authority, we resolve Abregano's points on appeal as follows and affirm.

1. The Family Court did not err in ruling the period between February 11, 2013 and March 11, 2013 excluded due to the illness of the trial judge. HRPP Rule 48(c)(8) provides for an exclusion for "other periods of delay for good cause." At the February 11, 2013 calendar call, Judge Castagnetti announced that, due to coming down with the flu, she would not be able to conduct the trial in that week and set the case for "calendar call setting" on March 11, 2013. Prior to that date, on March 5, 2013, Abregano moved to dismiss this case based on HRPP Rule 48. Abregano neither waived the delay for Rule 48 purposes nor objected to this continuance.

Abregano acknowledges that the Hawai'i Supreme Court has held that "[u]nder Rule 48(c)(8), a general 'good cause' ground is provided to take care of unanticipated circumstances, and is recognized expressly as a residual discretionary power in the trial judge[,]" State v. Estencion, 63 Haw. 264, 267, 625 P.2d 1040, 1042 (1981) (internal citation omitted), and that "'good cause' means a substantial reason which affords a legal excuse[,]" State v. Senteno, 69 Haw. 363, 368, 742 P.2d 369, 373 (1987) (defendant was without local counsel for five months after motion to withdraw was granted).

The Family Court did not err in ruling the delay in the circumstances presented here was excused for good cause.[3] See, e.g., U.S. v. Lane, 561 F.2d 1075, 1078 (2d. Cir. 1977) (delay due to the illness of a judge characterized as an "institutional factor[]" and not "unnecessary delay" under Federal Rules of Criminal Procedure Rule 48); U.S. v. Ferris, 751 F.2d 436, 441-42 (1st Cir. 1984) (delay due to the judge's illness is properly excludable time under Speedy Trial Act, 18 U.S.C. § 3161).

---

[3] Although the Family Court did not cite to it specifically, it agreed that it was referring to the good cause provision of Rule 48.

Abregano also argues that, even if judge illness constitutes good cause, the record does not reflect that the court exercised "due diligence" in setting his case four weeks out, in light of the existence of twenty-five circuit court judges and the ability, under HRS § 603-41 (1993), for the chief justice to temporarily appoint a judge. However, the Family Court stated that "[t]here are no replacement judges" and Abregano fails to provide authority for the proposition that a "due diligence" showing must be made to qualify for a good cause exclusion or, that under the circumstances presented here, due diligence required that a replacement judge be secured. Moreover, the record reflects that, at the hearing on Abregano's motion to dismiss, the Family Court and the prosecution took efforts to have Abregano's case heard expeditiously and, in fact, trial was held the following day.

2. Abregano has failed to establish that the Family Court's interjection into the prosecution's examination of its witness exhibited bias because the Family Court's statements during the testimony served to negate some of his defenses and "gave credence to the State's arguments." While it is true that "[t]he judge should not assume the role of an advocate for either party[,]" State v. Schutter, 60 Haw. 221, 222-23, 588 P.2d 428, 429 (1978) (internal quotation marks omitted), the Family Court's actions cannot be construed as advocating for the State's position.

A review of the exchange in context reveals that the Family Court was attempting to expedite the prosecution's examination by pointing out that the subject matter the prosecution was attempting to elicit was already contained in the State's exhibit in evidence. A trial court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Hawai'i Rules of Evidence (HRE) Rule 611(a).

Furthermore, although Abregano argues on appeal that the Family Court's comments impacted upon his mistake of fact defense, the Family Court simply referred to the order of protection which had already been admitted in evidence. The Family Court's comments did not prevent Abregano from pursuing his mistake of fact defense.

Finally, to the extent that the jury might have taken the Family Court's remarks as exhibiting a bias, they were instructed to ignore the court's remarks unless they were instructions. State v. Hauge, 103 Hawaiʻi 38, 59, 79 P.3d 131, 152 (2003) (the "jury is presumed to have followed the [circuit] court's instructions").

3. Abregano argues that it was error to deny his motion for a new trial when the Family Court prevented him from presenting the testimony of one of the jurors in support of his motion. Abregano proffered that a juror remembered that the Family Court told the prosecutor "to look on the first page of the order when the prosecutor was asking about to whom the terms of the order applied" and "that [the] comment played a role in her decision making."

Rule 606(b), HRE, regarding the competency of a juror as a witness provides that,

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify concerning the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. Nor may the juror's affidavit or evidence of any statement by the juror indicating an effect of this kind be received.

The Rule 606 Commentary explains,

> The intent of this subsection is to strike a proper balance by excluding testimony relating to the internal deliberative process and allowing testimony about objective misconduct and irregularities. . . .
>
> The Advisory Committee's Note to the original federal proposal, upon which subsection (b) is modeled, said: "The trend has been to draw the dividing line between testimony as to mental processes, on the one hand, and as to the existence of conditions or occurrences of events calculated improperly to influence the verdict, on the other hand, without regard to whether the happening is within or without the jury room. . . . The jurors are the persons who know what really happened. Allowing them to testify as to matters other than their own reactions involves no particular hazard to the values sought to be protected.

4

In this case, the "outside influence" at issue was the remarks made by the court in the presence of the jury. Those remarks were a matter of record, as shown by the transcript of the trial. Thus, the purpose of calling the juror to the stand was exactly for the purpose prohibited by the rule: to testify regarding her and the other jurors' deliberative process in reaching the verdict. Abregano's argument that the juror could have testified "as to whether the influence of the court's comments [were] present during deliberations" is without merit.

Based on the foregoing, the March 13, 2013 Judgment of Conviction and Sentence of the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 31, 2014.

On the briefs:

Titiimaea N. Ta'ase,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

5